IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALL-STAR SETTLEMENTS, LLC, and<br>ALL-PRO TITLE & ESCROW, LLC, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. RDB-10-03150 |
| | * | |
| ZURICH AMERICAN INSURANCE CO.,<br>HOUSTON CASUALTY CO., and<br>NATIONAL UNION FIRE INSURANCE CO., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs, All-Star Settlement, LLC and All-Pro Title & Escrow, LLC, have filed this action seeking a declaration that they are entitled to coverage under insurance policies they purchased from Defendants, Zurich American Insurance Company, Houston Casualty Company and National Union Fire Insurance Company of Pittsburg, Pa. Plaintiffs are title companies and allege that Defendants have a duty to defend, provide coverage and indemnify them in a separate lawsuit brought in the Circuit Court for Baltimore County, *Baltimore Investors Mortgage Company, LLC v. All-Star Settlement, LLC, et al.*, Case No. 24-C-09-002197 ("the Underlying Action"). National Union Fire Insurance Company has moved this Court to dismiss Count III of the Complaint against it for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant National Union Fire Insurance Company's Motion to Dismiss Count III (ECF No. 18) is DENIED.

BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiffs All-Star Settlement, LLC ("All-Star") and All-Pro Title & Escrow, LLC ("All-Pro") are corporations organized under the laws of Maryland and having their principal place of business located at 1029 North Calvert Street, Baltimore, Maryland 21202. Pls.' Compl. (ECF No. 2) ¶¶ 3-4. Both All-Star and All-Pro were named as defendants in a civil action filed in the Circuit Court for Baltimore County by Morris E. Barenbaum ("Barenbaum"), "individually and as a nominee on behalf of fellow investors," seeking damages for real estate transactions involving twenty-nine properties in the City of Baltimore. *Barenbaum* Compl. (ECF No. 2-3) ¶¶ 2, 53, 66. The Underlying Action was filed on June 8, 2009 and Plaintiffs allege in their Complaint that they "received notice of the claims and underlying assertions . . . when they were served with summonses" in that action "[o]n or about July 7, 2009." Pls.' Compl. (ECF No. 2) ¶ 34.

This case now pending before this Court was originally filed in the Circuit Court for Baltimore City and removed to this Court on November 5, 2010. All-Star and All-Pro seek a declaration that their insurers, Defendants Zurich American Insurance Company (Count I), Houston Casualty Company (Count II) and National Union Fire Insurance Company (Count III) are required to defend and indemnify them in the Underlying Action pursuant to three insurance policies that provide general liability and errors or omissions liability coverage. Pls.' Compl.

(ECF No. 2). Specifically, Count III concerns the insurance policy issued by Defendant National Union Fire Insurance Company ("National Union") to All-Pro.[1]  *Id.* at 25.

In July 2009, All-Pro obtained a Professional Liability Errors & Omissions Insurance Policy from National Union. *Id.* at 25. The policy was to be in effect from July 8, 2009 through July 8, 2010 and cover "claims first made against" All-Pro and reported to National Union "during the policy period or Extended Reporting Period (if applicable)." *Id.* at 25, 27; *see also* Miscellaneous Prof'l Liab. Policy (ECF No. 2-2) pp. 39-62, at § I, ¶ A [hereinafter Insurance Policy]. According to the definition of the term "claim" included in the policy, the policy also covers "suits" brought against All-Pro. Pls.' Compl. ¶ 28. The policy further states that a claim can also be treated as made and reported during the policy period if the insured "becomes aware of any facts or circumstances that may reasonably be expected to give rise to a claim." Insurance Policy, § VI, ¶ K. The Complaint alleges that the *Barenbaum* lawsuit is covered under the policy. Plaintiffs further assert that after being served in the Underlying Action on July 7, 2009, All-Pro "initiated efforts to notify" National Union. Pls.' Compl. (ECF No. 2) ¶¶ 31-36. Moreover, the Complaint further alleges that All-Pro has "paid all policy premiums and satisfied all duties owed to Defendant National Union during the policy period," which is a pre-requisite, imposed by the policy, to a the reporting of a claim. *Id*. at ¶ 30; *see also* Insurance Policy, § VI, ¶ Q.

Upon removal to this Court, National Union filed its Motion to Dismiss Count III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def. Nat'l Union Fire Ins. Co.'s Mot. to Dismiss (ECF No. 18). National Union argues that it is not liable to All-Pro under

---

[1] National Union is a member company of the American International Group organized under the laws of the Commonwealth of Pennsylvania, and routinely sells and provides insurance coverage to businesses in Maryland. Pls.' Compl. ¶7.

the insurance policy since the claim was made prior to the start of the coverage period. Def. Nat'l Union Fire Ins. Co.'s Mem. in Supp. of Mot. to Dismiss (ECF No. 18-1) at 3. All-Pro has filed a response to National Union's Motion to Dismiss, in which it contends that, pursuant to Section VI paragraph K of the policy, it did not "become aware" of the *Barenbaum* action until July 8, 2009, the day on which coverage under the National Union policy began. Pls.' Mem. in Opp. to Def. Nat'l Fire Ins. Co.'s Mot. to Dismiss (ECF No. 19) pp. 11-12. Defendant National Union contends that "coverage turn[ed] on when the suit was served on All-Pro." Def. Nat'l Union Fire Ins. Co.'s Reply in Further Supp. of its Mot. to Dismiss (ECF No. 25).

STANDARD OF REVIEW

This Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332, as there is no dispute that the parties are citizens of different states and the initial matter in controversy exceeds $75,000.[2] Nevertheless, federal courts have discretion to decline to exercise jurisdiction over a declaratory judgment action pursuant to the Federal Declaratory Judgment Act ("the Act"). *See* 28 U.S.C. § 2201 & Fed. R. Civ. P. 57. Specifically, the Act provides in part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). This Court will exercise jurisdiction over this declaratory judgment action, as a ruling here will serve to clarify and settle the legal relations between the respective parties. *See Penn-America Ins. Co. v. Coffey,* 368 F.3d 409, 412 (4th Cir. 2004) ("a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the

---

[2] The amount of damages sought against Plaintiffs in the Underlying Action is over five million dollars and the National Union Policy provides for aggregate coverage limits in the amount of one million dollars. Pls.' Compl. (ECF No. 2) ¶ 26; *see also Barenbaum* Compl. (ECF No. 2-3) ¶ 96.

4

legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding") (citations and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.

Ct. 1937, 1949 (2009). Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

ANALYSIS

Defendant National Union argues, in its Motion to Dismiss, that it is not liable to All-Pro for the Underlying Action under the insurance policy. Because All-Pro was served in the Underlying Action on July 7, 2009 and the coverage period of the policy began on July 8, 2009, National Union argues that the claim was not made within the policy period.

As the source of this Court's jurisdiction over this case is based on diversity of citizenship, the principles set forth in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938) require application of the law of Maryland to questions of substantive law. "In insurance contract cases, Maryland courts generally follow the rule of *lex locus contractu,* which requires that the construction and validity of a contract be determined by the law of the state where the contract is made." *Roy v. Northwestern Nat'l Life Ins. Co.,* 974 F. Supp. 508, 512 (D. Md. 1997). "For choice of law purposes, a contract is made where the last act necessary to make the contract binding occurs." *Id.* Typically, "the *locus contractu* of an insurance policy is the state in which the policy is delivered and the premiums are paid." *Hyde v. Fidelity & Deposit Company of Maryland,* 23 F. Supp. 2d 630, 632 (D. Md. 1998) (quotation omitted). The Policy was issued to a Maryland company, All-Pro, in Maryland by a Maryland agent, ARC Excess & Surplus of Mid South LLC. *See* Insurance Policy, pp. 40-41. Therefore, Maryland law applies to the interpretation of the Policy issued by National Union to All-Pro.

In Maryland, "an insurance policy is a contract and is to be read as any other contract," and "words of an insurance policy are to be given their ordinary meaning." *Warfield-Dorsey Co., Inc. v. Travelers Cas. & Sur. Co. of Illinois*, 66 F. Supp. 2d 681, 685 (D. Md. 1999).

"[W]hen deciding the issue of coverage under an insurance policy the primary principle of construction is to apply the terms of the insurance contract." *Id.* Under Maryland law, "an insurer has a duty to defend its insured if there is a potentiality that the claim may be covered by the policy." *Sullins v. Allstate Ins. Co.,* 667 A.2d 617, 619–20 (Md. 1995).

In the present action, the policy signed between the parties covers "a claim first made against [the insured] and reported to [the insurer] during the policy period." *See* Insurance Policy, § I, ¶ A. A claim is defined as "including a suit [for money damages], arising from [the insured's] wrongful act." *Id.* at § II, ¶ C. Furthermore the policy states that a claim will be treated as made against the insured during the policy period where during the policy period, the insured "become[s] aware of any facts or circumstances that may reasonably be expected to give rise to a claim against [it] for a wrongful act that occurs on or after the retroactive date and prior to the end of the policy." *Id.* at § VI, ¶ K.

In construing the facts in the light most favorable to the Plaintiffs, *Edwards*, 178 F.3d at 244, although Plaintiff, All-Pro, was served on July 7, 2009, it argues that it "became aware" of the Underlying Action on July 8, 2009. The Defendant National Union contends that the service of process mandates a finding by this Court that the Plaintiffs are aware of an underlying action immediately upon service of process. At this stage of the proceedings, with no discovery having been conducted, this Court does not have a sufficient record to make that finding. Accordingly, on the subject motion to dismiss the factual contentions of the Plaintiffs that they were not aware of the Underlying Action until July 8, 2009 must be accepted as true. The development of these facts in this case must await discovery by the parties.

Alternatively, Plaintiffs argue that the Amended Complaint filed in the Underlying Action on February 16, 2010 represents a new claim made against All-Pro because the "initial

complaint did not allege actionable claims." Pls.' Compl. (ECF No. 2) ¶ 35; *see also* Pls.' Mem. in Opp. to Def. Nat'l Union Fire Ins. Co.'s Mot. to Dismiss (ECF No. 22).  Plaintiffs contend that the "Amended Complaint needed wholesale additions of factual allegations just to state actionable claims." Pls.' Mem. in Opp. (ECF No. 22), at 11.  Defendant National Union argues, however, that but for some additional facts, the claims made in the Amended Complaint were the same claims alleged against All-Pro in the Initial Complaint.  Moreover, Defendants argue that the Complaint in the Underlying Action was not dismissed as to All-Pro but only as to individually named Defendants.  In reviewing the facts in the light most favorable to the Plaintiffs, the issue of whether the February 26, 2010 Amended Complaint represents a new claim for purposes of National Union's Insurance Policy also requires discovery by the parties.

Therefore, Defendant National Union Fire Insurance Company's Motion to Dismiss Count III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is DENIED.

## CONCLUSION

For the reasons stated above, Defendant National Union Fire Insurance Company's Motion to Dismiss (ECF No. 18) is DENIED.

A separate Order follows.

Dated: September 28, 2011         /s/_____
                                  Richard D. Bennett
                                  United States District Judge